IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DAVID L. JOHNS and DENISE M. JOHNS,<br><br>    Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-13-CV-066-KC |

## ORDER

On this day, the Court considered Defendant Chase Home Finance's Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim and Brief in Support of Same ("Motion"), ECF No. 15.  For the reasons set forth herein, the Motion is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

The following facts are taken from Plaintiffs David L. Johns and Denise M. Johns's ("Plaintiffs") First Amended Complaint ("Complaint"), ECF No. 14, as is appropriate at this stage of the proceedings.

In March 1994, Plaintiffs purchased a house in El Paso, Texas.  Compl. ¶ 6.  To facilitate this transaction, Plaintiffs executed a note—in the principal sum of $47,903—payable to Home Mortgage Co. of El Paso, Texas secured by a deed of trust in the house.  *See id*. ¶ 7.  Plaintiffs refinanced this mortgage in August 2003 in the principal sum of $125,000 payable to Accredited

1

Home Lenders, Inc. *See id*. Plaintiffs refinanced again in September 2006 in the principal sum of $160,000 payable to Washington Mutual Bank. *See id*. ¶ 8

In early 2009, Plaintiffs applied for a loan modification with Washington Mutual Bank. *See id*. Then, in May 2009, Defendant—now the holder in due course of the note—requested Plaintiffs make monthly payments of $1,350 for three months while the modification was under consideration. *Id*. After these three months, Defendant offered Plaintiffs a loan modification. *See id*. ¶ 9. Plaintiffs initially rejected this modification because of its high interest rate. *See id*. However, when Defendant threatened to foreclose on Plaintiffs' house, Plaintiffs agreed to this loan modification. *See id*. Only Plaintiff David L. Johns signed the loan modification agreement. *See id*. ¶ 14.

Next, in December 2010, Defendant demanded payment of $5,000 to cure an alleged escrow deficiency. *Id*. ¶ 11. Plaintiffs timely paid this amount. *See id*.

Until February 2011, Plaintiffs made regular monthly payments of $2,232 in accordance with the loan modification agreement. *See id*. ¶ 10. However, in February and March of 2011, Defendant refused to accept Plaintiffs' regular monthly payments.[1] *See id*. Around this time, Plaintiffs received a letter from Defendant demanding $14,000 to cure an alleged deficiency. *See id*. Plaintiffs responded by writing their own letter inquiring about the basis for this demand. *Id*. Plaintiffs never received a response from Defendant. *See id*. In December 2011, Plaintiffs state that "Defendant commenced foreclosure procedures." *Id*. ¶ 11. However, Plaintiffs also note that their property is still "facing foreclosure." *Id*. ¶ 43.

Because of these events, Plaintiffs filed suit in Texas state court on January 11, 2013. Def.'s Notice of Removal ("Notice of Removal"), Ex. A-2 ("Petition"), at 6, ECF No. 1-1. In

---

[1] It is unclear from Plaintiffs' pleadings if subsequent payments were also rejected. *See* Compl. ¶ 10 (suggesting that Plaintiffs' December 2011 payment was also rejected).

their Petition, Plaintiffs bring claims for breach of contract, negligence, slander of credit, defamation, and fraudulent inducement. *See id*. at 6-12. On March 8, 2013, Defendant removed this case to the United States District Court for the Western District of Texas, El Paso Division on diversity and federal question grounds. Notice of Removal 2-5. Next, on April 4, 2013, Plaintiffs filed their amended Complaint. *See* Compl. 13. In this amended Complaint, Plaintiffs seek declaratory and monetary relief for breach of contract, negligent misrepresentation, fraud, and slander of credit. *See id*. at 4-13. Twelve days later, on April 16, 2013, Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Plaintiffs' claims. *See* Mot. 12. Plaintiffs submitted their timely Response on April 26, 2013. *See* Pls.'s Resp. to Def.'s Second Mot. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Response") 10, ECF No. 17. Finally, Defendant submitted its timely Reply on April 29, 2013. *See* Def.'s Reply in Support of Mot. to Dismiss First Am. Compl. ("Reply") 5, ECF No. 18.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  Breach of Contract

Plaintiffs claim that Defendant breached the terms of the note, or in the alternative, the note and loan modification agreement when it refused to accept payments and began foreclosure proceedings. *See* Compl. ¶ 21. In their Complaint, Plaintiffs state that "Defendant breached the promissory note by first, demanding the wrong payment amount (demanding payment under the terms of the invalid modification)." *Id*. Plaintiffs also appear to argue, in the alternative, that the loan modification agreement was valid and that Defendant also breached it "by claiming the [Plaintiffs were] in default for making payments exactly as the bank demanded." *See id*. This alternative pleading is further clarified in Plaintiffs' Response, in which they succinctly state that Defendant breached the "promissory note and the modification agreement." Resp. ¶ 11.

4

Defendant, however, contends that Plaintiffs have not "pleaded performance of an existing, valid and enforceable contract" with Defendant. Reply 1. Specifically, Defendant argues that Plaintiffs breached the loan modification agreement "by failing to make monthly payments necessary to cover an apparent escrow shortage" and have failed to identify specific provisions of any contract breached by Defendant. Mot. 4-5 (citing *Philips v. Deutsche Bank Nat'l Trust Co.*, EP-10-CV-442-KC, 2011 WL 482839, at *3 (W.D. Tex. Feb. 7, 2011)); Reply 1. Additionally, Defendant argues that Plaintiffs have not stated that they suffered any damages as a result of the alleged breach of contract. Reply 2.

Under Texas law, "the elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of contract by the defendant, and (4) resulting damages to the plaintiff." *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App. 2010). First, a valid contract exists if there is a meeting of the minds and acceptance in strict compliance with an offer's terms. *See Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App. 2010); *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555-56 (Tex. App. 2002). Second, a plaintiff's performance of his contractual obligations is necessary for a breach of contract claim. *Rice*, 324 S.W.3d at 670. If a plaintiff fails to complete payments as obligated under a loan, the plaintiff cannot successfully establish performance under a breach of contract claim. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.") (internal quotation omitted); *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013). Third, in claims for breach of contract, a plaintiff must identify facts that demonstrate the defendant's breach. *See Philips*,

5

2011 WL 482839, at *3; *see Rice*, 324 S.W.3d at 666.  As such, depending on the detail of the pleadings, a plaintiff may need to "identify which provisions of which contract(s) Defendant's conduct violated."  *See Philips*, 2011 WL 482839, at *3; *see also Mae v. U.S. Prop. Solutions, L.L.C.*, CIV.A. H-08-3588, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009) (granting defendant's motion to dismiss in a breach of contract claim, in part, because plaintiffs did not assert which provision of the contract was breached by the defendant).  Fourth, a plaintiff must have suffered damages as a result of the breach.  *See Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 355 (Tex. App. 1998); *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App. 2000).

Here, Plaintiffs have sufficiently pleaded all four elements of a breach of contract claim.  First, Plaintiffs have alleged, in the alternative, that the loan modification agreement was a valid contract.  Specifically, Plaintiffs have pleaded that the loan modification agreement was a valid contract that they were adhering to by "making payments exactly as [Defendant] demanded."  *See* Compl. ¶ 21.  Defendant's characterization of Plaintiffs' pleadings as vague—based on this Court's *Philips* decision—is misguided because Plaintiffs in this case have provided greater factual detail than the plaintiff in *Philips*.  *Compare* Compl. *with* Def.'s Notice of Removal, Ex. C-1., *Phillips*, EP-10-CV-442-KC (W.D. Tex. Nov. 30, 2010).  Additionally, the *Philips* decision is inapposite because the Court in *Philips* considered a motion for a more definite state—not a motion to dismiss as in this case.  *See Philips*, 2011 WL 482839, at *3.  To the contrary, Plaintiffs' detailed pleadings in this case allege that there was indeed a meeting of the minds and acceptance in strict compliance with an offer's term with regard to the loan modification agreement.  *See* Compl. ¶ 9 (detailing the process of acquiring the loan modification); *see also*

*Parker*, 316 S.W.3d at 72.  Second, Plaintiffs have alleged that they performed under the terms of the loan modification agreement by tendering "payments on time and in the amount requested" prior to January 2011.  *See* Compl. ¶¶ 9-10.  Third, Plaintiffs have alleged that Defendant breached this loan modification in December 2010, when it "demanded payment of $5,000.00 from Plaintiffs for an alleged escrow shortage."  *Id*. ¶ 9.  Defendant's claim that this escrow shortage indicates that Plaintiffs breached the contract is unpersuasive because Plaintiffs' pleadings imply that this shortage was incorrectly assessed.  *See id*. (noting that the $5,000 demand was for an *alleged* shortage).  Fourth, Plaintiffs allege that they suffered damages when they were required to pay this amount.  *See id*.

Accordingly, Plaintiffs have sufficiently pleaded the four elements of a breach of contract claim against Defendant.  *See Rice*, 324 S.W.3d at 666.  Therefore, dismissal of Plaintiffs' breach of contract claim against Defendant is not appropriate.  *See Twombly*, 550 U.S. at 555.

### C.     Negligent Misrepresentation

Plaintiffs claim that Defendant negligently misrepresented the validity of the loan modification agreement.  Compl. ¶¶ 23-29.  Specifically, Plaintiffs maintain that Defendant supplied false information to Plaintiffs when it conveyed that "the modification [of May 2009] was a valid agreement as a satisfaction and accord when in reality it was never valid because of the defendant's failure to obtain both spouses' signatures."  *Id*. ¶ 26.  As a result of this misrepresentation, Plaintiffs state that they suffered a "pecuniary loss."  *Id*. ¶ 29.  Defendant argues that there was no misrepresentation because both spouses do not need to sign a loan modification, and even if this were a requirement, these allegations would give rise to a contract claim, not a tort claim.  Mot. 6.

There are five elements to a negligent misrepresentation claim. These elements are "(1) the defendant in the course of his business or a transaction in which he had an interest; (2) supplied false information for the guidance of others; (3) without exercising reasonable care or competence in communicating the information; (4) the plaintiff justifiably relied on the information; (5) proximately causing the plaintiff's injury." *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App. 2007) (citing *Spethmann v. Anderson*, 171 S.W.3d 680, 688 n.3 (Tex. App. 2005)). Finally, "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (internal quotation omitted) (surveying Texas law); *Carlisle v. JP Morgan Chase Bank, N.A.*, CIV.A. H-11-2849, 2012 WL 912735, at *2-3 (S.D. Tex. Mar. 16, 2012).

Here, Plaintiffs' negligent misrepresentation claim fails because promises of future actions are not actionable as a negligent-misrepresentation tort. *See Milton*, 508 F. App'x at 329. Plaintiffs claim that Defendant misrepresented that entering into the loan modification agreement would prevent foreclosure. *See* Compl. ¶¶ 25-28. However, Texas law bars such a claim. *See Sgroe v. Wells Fargo Bank, N.A.*, --- F. Supp. 2d ----, 4:12-CV-144, 2013 WL 1739502, at *13 (E.D. Tex. Apr. 22, 2013) ("The promise that foreclosure 'would be suspended' is not actionable as negligent misrepresentations because they are promises of future performance."); *Nguyen v. Fed. Nat. Mortgage Ass'n*, --- F. Supp. 2d ----, CIV.A. H-12-2307, 2013 WL 3937030, at *8 (S.D. Tex. July 30, 2013) ("[Plaintiff] argues that the defendants negligently misrepresented that no foreclosure would occur during the loan-modification review. This is not an actionable misrepresentation because it is a promise of future performance.") (internal citation omitted); *see*

*also Milton*, 508 F. App'x at 329.  Such a claim is barred because Texas law does not recognize a cause of action for negligent representation of future actions.  *See, e.g.*, *Scherer v. Angell*, 253 S.W.3d 777, 781-82 (Tex. App. 2007); *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App. 2005).  Accordingly, Plaintiffs have failed to allege sufficient facts to state a plausible negligent misrepresentation claim.  *See Twombly*, 550 U.S. at 570.

        **D.**      **Common Law Fraud**

Plaintiffs claim that Defendant committed common law fraud when it made misrepresentations regarding the loan modification agreement.  *See* Compl. ¶¶ 30-40.  According to Plaintiffs, this fraud occurred when Defendant "misrepresent[ed] that the loan modification agreement stated that the Plaintiffs were to make three payments to qualify for the modification.  Meanwhile [Defendant] was accelerating the loan after the last payment was due."  *Id*. ¶ 34.  Defendant responds that Plaintiffs have failed to plead "any facts establishing a false representation by [Defendant] or shown the 'who, what when, where, and how' needed to state a plausible claim for fraud."  Mot. 7.

To establish a claim for common law fraud, a plaintiff must show: (1) that the defendant made a material false representation; (2) that was known to be false or made without knowledge of the truth at the time of its making; (3) intended that it be relied and acted upon; (4) and that it caused injury through reliance.  *Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).  To survive a Rule 12(b)(6) motion to dismiss, a complaint for fraud must allege

sufficient facts to make satisfaction of the above elements plausible on its face.  *See Twombly*, 550 U.S. at 570.

Furthermore, according to Rule 9(b) of the Federal Rules of Civil Procedure, a claim for fraud requires pleading greater factual specificity than an ordinary claim.  Fed. R. Civ. P. 9(b).  A claim for fraud must allege "with particularity the circumstances constituting fraud."  *Id.*  Rule 9(b) requires the plaintiff to: (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) state when and where the statements were made; (4) and explain why the statements were fraudulent.  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th. Cir. 2009) (citing *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th. Cir. 1997)).

Here, Plaintiffs' claim for fraud fails to provide enough factual support to meet the Rule 9(b) pleading standard.  Plaintiffs have not identified who made fraudulent statements regarding the loan modification and when and where such statements were made.  *See Flaherty & Crumrine*, 565 F.3d at 206.  In fact, Plaintiffs have failed to allege any specific fraudulent statement made by Defendant.  *See id*.  As such, Plaintiffs have failed to plead a plausible claim for fraud.  *See* Fed. R. Civ. P. 9(b).

E.   **Texas Statutory Fraud**

Plaintiffs argue that Defendant's misrepresentations regarding the loan modification agreement also constitute statutory fraud.  Specifically, Plaintiffs claim that these same misrepresentations violated Texas Business and Commerce Code Section 27.01.  Compl. ¶¶ 38-40.  Defendant meanwhile maintains that this statute is not applicable because it "only applies to transactions involving the sale or transfer or real estate, such as a contract to purchase real estate

between a buyer and seller. It does not apply to the act of loaning money between a mortgagor and mortgagee, or to loan modifications." Mot. 8 (internal citations omitted).

Texas Business and Commerce Code Section 27.01 states that

> (a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a (1) false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; or (2) false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract.

Tex. Bus. & Com. Code Ann. § 27.01 (West 2013).

Based on this statute, the elements of a Texas statutory fraud cause of action are identical to the elements of a common law fraud cause of action, except the statutory cause of action does not require proof of the defendant's knowledge or recklessness. *See, e.g.*, *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 772-73 (S.D. Tex. 2007) (citing *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 723 (Tex. App 1985)); *United States v. Lacy*, 234 F.R.D. 140, 149 (S.D. Tex. 2005) (citing *Scott v. Sebree*, 986 S.W.2d 364, 371 (Tex. App. 1999)); *Stephens v. Halliburton Co.*, CIV.A.3:02-CV-1442-L, 2003 WL 22077752, at *7 (N.D. Tex. Sept. 5, 2003). However, the "statute, by its own terms, applies only to fraud in real estate or stock transactions. A loan transaction, even if secured by land, is not considered to come under the statute." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (internal citations omitted) (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. 2000)). Accordingly, the statute does not apply to loan modification agreements. *See Higgins v. Bank of Am., N.A.*, 3:12-CV-5297-N-BN, 2013 WL 2370564, at *6 (N.D. Tex. May 31, 2013) ("Because Plaintiff's claim is based only on allegations of misrepresentations made in the

context of a loan and its alleged modification, and not on any kind of real estate transaction between the parties, Plaintiff's statutory fraud claim fails.") (referencing *Dorsey*, 540 F.3d at 343); *Horne v. Bank of Am., N.A.*, 4:12-CV-622-A, 2013 WL 765312, at *7 (N.D. Tex. Feb. 28, 2013).

Here Plaintiffs' statutory fraud claim must be dismissed because Plaintiffs have failed to allege fraud in a real estate or stock transaction.  *See Dorsey*, 540 F.3d at 343.  Rather, Plaintiffs have alleged fraud relating to a loan modification.  *See* Compl. ¶¶ 38-40.  Because such transactions cannot be the basis for a Texas Business and Commerce Code Section 27.01 claim, Plaintiffs have failed to state a plausible claim for statutory fraud.  *See Higgins*, 2013 WL 2370564, at *6; *Twombly*, 550 U.S. at 570.

      **F.**     **Slander of Credit**

Plaintiffs contend that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, when it slandered their credit by making "false statements to credit bureaus that were willful and/or malicious."  Compl. ¶¶ 42-46.  Defendant argues that Plaintiffs have not pleaded a plausible cause of action for slander of credit under the FCRA for two reasons.  First, Defendant argues that a private right of action for slander of credit does not exist under the FCRA.  Reply 3.  However, Defendant admits that there is a split among district courts as to whether the FCRA creates a private right of action and that the "Fifth Circuit has yet to rule on this issue."  *Id*.  Second, Defendant argues that regardless of whether the FCRA creates a private right of action, Plaintiffs have failed to sufficiently plead a slander of credit cause of action because they have not "pled that a consumer reporting agency reported an inaccuracy and that the furnisher of the [inaccurate] information failed to correct [this inaccuracy]."  *Id*.

The FCRA requires that furnishers of credit information provide accurate credit information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a)(2) (2012); *Davis v. Sallie Mae, Inc.*, 3:09-CV-00821, 2009 WL 2525303, at *2-3 (N.D. Tex. Aug. 18, 2009) (citing § 1681s-2(a)). Specifically, the FCRA mandates that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). This duty applies to any person who "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." *Id*. § 1681s-2(a)(2)(A). However, a furnisher is only liable under the FCRA if a consumer reporting agency reports an inaccuracy to the furnisher of the inaccurate information and the furnisher fails to correct this inaccuracy. *See id*. § 1681s-2(b); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Taylor v. Chase Auto Fin. Corp.*, 850 F. Supp. 2d 637, 642 (N.D. Miss. 2012) ("To plausibly state a FCRA claim against Chase, Plaintiff would have to allege that a consumer reporting agency gave notice of Plaintiff's dispute to Chase, as a furnisher."); *Davis*, 2009 WL 2525303, at *3; *Robinson v. EMC Mortgage Corp.*, 3:10-CV-2140-L, 2013 WL 1245863, at *7 (N.D. Tex. Mar. 26, 2013).

As noted by Defendant, the Fifth Circuit has not directly addressed whether the FCRA creates a private right for individuals to bring suit for violations of § 1681s-2. *Young*, 294 F.3d at 639 ("We need not decide, and do not decide, whether a private right of action exists against a furnisher of information."); *Taylor*, 850 F. Supp. 2d at 641 (reviewing the *Young* holding and reviewing similar cases from other circuits). However, the Fifth Circuit has suggested, in dicta, that the FCRA does create a private right of action. *Young*, 294 F.3d at 639 ("The plain language

of FCRA thus appears to impose civil liability on 'any person' violating a FCRA duty unless some exception applies."). Accordingly, most district courts within the Fifth Circuit to have addressed the issue have found the FCRA to create a private right of action. *See Davis*, 2009 WL 2525303, at *3 (surveying courts that have found a private right to action).

This Court need not weigh in because even if the FCRA does create a private right of action, Plaintiffs have failed to sufficiently plead a claim for slander of credit under the FCRA. *See Young*, 294 F.3d at 639. This is because Plaintiffs have not alleged that a consumer reporting agency reported an inaccuracy to Defendant and that Defendant failed to correct this inaccuracy. *See id*; *Taylor*, 850 F. Supp. 2d at 642 (also dismissing a FCRA claim where the plaintiff failed to allege that a consumer reporting agency notified a bank of an inaccuracy*)*; *Smith v. Nat'l City Mortgage*, A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) (same). Accordingly, Plaintiffs' slander of credit claim must be dismissed. *See Young*, 294 F.3d at 639.

### G.  Declaratory Relief

Finally, Plaintiffs seek a declaratory judgment regarding the validity of the loan modification agreement. Compl. ¶¶ 17-19. Plaintiffs seek this relief, in part, subject to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.[2] *Id*. ¶ 18. Defendant seeks to dismiss Plaintiffs' request for declaratory relief. Mot. 2-4. Defendant claims that the facts alleged by Plaintiffs do not amount to an actual controversy. *Id*. at 3.

---

[2] Plaintiffs also seek relief under the Texas Uniform Declaratory Judgments Act. *See* Compl. ¶ 17; Pet. 8-9. However, if an action is brought under the Texas Uniform Declaratory Judgments Act in state court and then removed to federal court, as was done in this case, the "action may be construed as one brought under the federal Declaratory Judgment Act" because the Texas act is procedural, not substantive. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *Hurd v. BAC Home Loans Servicing*, LP, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). As such, the Court construes Plaintiffs' request for declaratory relief under the federal Declaratory Judgment Act.

"The [federal] Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). However, the act is procedural in nature and only "allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Reid v. Aransas Cnty.*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011) (internal quotations omitted); *see also Jolly v. United States*, 488 F.2d 35, 36 (5th Cir. 1974). Accordingly, a court's ability to grant declaratory relief stems from the underlying substantive claims. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) ("Plaintiff cannot maintain a 'claim' for declaratory judgment because all substantive claims have been dismissed. Declaratory relief is a procedural device for granting a remedy.") (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Therefore, a court may deny a motion to dismiss a request for declaratory relief when the request for relief is based on an underlying claim that survives a motion to dismiss. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) (denying a motion to dismiss a request for declaratory relief where the plaintiff's request for declaratory relief was based on viable claims for breach of contract); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 738 (E.D. Tex. 2011).

In this case, the Court cannot dismiss Plaintiffs' request for declaratory relief because Plaintiffs' request is based in part on their viable claim for breach of contract. *See Hurd*, 880 F. Supp. 2d at 769.

### III. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Defendant's Motion in part and **DENIES** Defendant's Motion in part. Defendant's Motion is granted as to Plaintiffs' negligent misrepresentation, common law fraud, statutory fraud, and slander of credit claims and denied as to Plaintiffs' breach of contract claim and request for declaratory relief.

**SO ORDERED.**

SIGNED this 12th day of September, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE